#### UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ILLINOIS

AARON WYATT,

   Petitioner,

        v.                         Case No. 15-cv-00795-JPG

UNITED STATES OF AMERICA,

   Respondent.

### MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Aaron Wyatt's Motion (Doc. 1) to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's motion survives this threshold review and the Court orders the government to file its response.

Aaron Wyatt plead guilty to one count of conspiracy and possession with intent to distribute crack cocaine and two counts of distribution of crack cocaine. At sentencing on December 21, 1998, the Court found by a preponderance of the evidence that Wyatt's relevant conduct was at least 50 grams but less than 150 grams of crack cocaine, which under U.S.S.G.1 § 2D1.1 yielded a base offense level of 32.[1] His offense level was reduced by 3 points under U.S.S.G. § 3E1.1 for acceptance of responsibility. The Court further found that Wyatt was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which raised his base offense level to 37, again reduced by 3 to 34 for acceptance of responsibility.

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 1998 United States Sentencing Guidelines Manual.

Considering Wyatt's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 262 to 327 months in prison. The Court imposed a sentence of 264 months for the conspiracy count and 240 months for the distribution counts.  *(USA v. Wyatt*, 98-cr-4002, SDIL).

Petitioner filed his § 2255 on July 22, 2015.  A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f).  Prisoners used to be able to file motions under § 2255 at any time during their sentences.  However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b), 2255(f)), which added a one-year limitations period for a motion attacking a sentence.  The one-year limitations period runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner claims that his § 2255 is timely based on subsection (3), above citing to the recent Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015).  The Court in *Johnson* held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process.  *Id* at 2557.

The Court has reviewed the petition and has identified the following claims:

1. Whether Petitioner is entitled to collateral relief under *Johnson;* and

2. Whether *Johnson* can be applied retroactively to Petitioner's sentence.

The Court **ORDERS** the Government to file a response to Wyatt's petition (Doc. 1) by **August 21st, 2015.** The Government shall, as part of its response, attach all relevant portions of the record. Petitioner may file a reply brief (no longer than 5 pages) by **September 4th, 2015.** If review of the briefs indicates that an evidentiary hearing is warranted, the court will set the hearing by separate notice.

**IT IS SO ORDERED.**

**DATED:** 7/29/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**