# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

AARON WYATT,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 15-cv-00795-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Aaron Wyatt's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Also before the Court is Assistant Federal Defender Judith A. Kuenneke's Motion (Doc. 10) to Withdraw as Attorney for Aaron Wyatt. The petitioner and the government were provided 30 days to respond to the motion to withdraw and neither party has filed as response.

1. **Background.**

On September 18, 1998, Mr. Wyatt pleaded guilty to one count of conspiracy to distribute "crack cocaine" and two counts of distribution of "crack cocaine." *See United States v. Wyatt*, Case No. 98-cr-40002 (Doc. 79). He was sentenced on December 21, 1998 to 264 months imprisonment, five years supervised release, a $300 special assessment, and a $1,500.00 fine. (Doc. 133, 98-cr-40002).

Petitioner's counsel has filed an *Anders* [1] brief and requested to withdrawn. Mr. Wyatt's § 2255 motion was based on the Supreme Court's holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015) and his counsel now states that the Supreme Court's holding in *Beckles v United States*, 137 S.Ct. 886 (2017) renders Petitioner's motion meritless.

---

[1] *Anders v. California*, 386 U.S. 738 (1967). Counsel could put forth no non-frivolous arguments.

2. **Standard.**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v.*

3. **Analysis.**

The petitioner's argument relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the use of the identical residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e), to increase the statutory sentencing range is unconstitutional. *Id.* at 2563. This is because the vagueness of the clause denies fair notice to a defendant of his potential punishment and invites arbitrary enforcement by judges. *Id.* at 2557. In *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016) (*en banc*), the Seventh Circuit Court of Appeals applied the same rationale to hold that use of the career offender ("CO") residual clause to support CO status, thereby increasing the guideline sentencing range, was also unconstitutional. *Id.* at 725.

*Hurlburt*, however, was abrogated by *Beckles*, which held that sentencing guidelines are not amendable to vagueness challenges. *Beckles*, 2017 WL 855781, at *6. This is because, unlike the statute at issue in *Johnson*, advisory guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate

2

sentence within the statutory range." *Id.* *Beckles* forecloses the petitioner's argument that he is entitled to § 2255 relief.

4. **Certificate of Appealability.**

Having denied petitioner's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Mr. Wyatt has made no such showing. Therefore, the Court denies a certificate of appealability. Pursuant to Rule 11(a), Mr. Wyatt may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

5. **Conclusion.**

Accordingly, the Court **GRANTS** Assistant Federal Defender Judith A. Kuenneke's Motion (Doc. 10) to Withdraw and **DENIES** Petitioner's Motion (Doc. 1) § 2255 Motion. This matter is DISMISSED with prejudice and the Clerk of Court is **DIRECTED** to enter judgment in this matter. Finally, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**
**DATED:** 5/17/2017

                                       *s/J. Phil Gilbert*
                                       **J. PHIL GILBERT**
                                       **U.S. DISTRICT JUDGE**